CAMDEN TRANSIT COMPANY *v.* OWEN.

4-7844                       192 S. W. 2d 757

Opinion delivered March 4, 1946.

*Miles & Amsler,* for appellant.

*J. Bruce Streett,* for appellee.

ROBINS, J. This is a contest, originating before the State Corporation Commission (now the Public Service Commission), between owners of two bus lines, as to the right to operate passenger buses over certain routes lead-

ing to the naval ordnance plant near Camden, Arkansas. The northwestern boundary of this plant, which is located about four miles northeast of Camden, is traversed by U. S. Highway No. 79, State Highway No. 4 runs along the southern boundary of the plant, and U. S. Highway No. 167 along the eastern boundary.

On September 30, 1944, appellant, Camden Transit Company, a partnership, filed application with the commission asking permit to operate as a common carrier of passengers over the following routes: Highway No. 79, Magnolia to Fordyce via Camden and Thornton; Highway No. 7, El Dorado to Camden; Highway No. 167, El Dorado to Hampton; Highway No. 4, Hampton to Camden; with authority to serve naval ordnance plant at gates to be designated by officials of the plant, serving all intermediate points on said highways.

Three days later, on October 3, 1944, appellee, J. P. Owen, filed an application to operate passenger bus line over the following routes: Highway No. 79, Camden to Fordyce; Highway No. 7, Camden to El Dorado; and Highway No. 4, Camden to Hampton; with authority to serve gates of naval ordnance plant.

It will be observed that Owen asked permission to operate over all the routes proposed in the previous application of Camden Transit Company, except the route from Camden to Magnolia and the route from El Dorado to Hampton.

For some time prior to filing of the application of either of the parties to this litigation the Camden-Cullendale Bus Line had held a permit under which it was operating buses from Camden a short distance south to Elliott on Highway No. 7 and from Camden to the southwest gate of the naval ordnance plant on Highway No. 79, and from the "Y" east on Highway No. 4 to a gate of the plant; and also on certain routes not involved herein. An option to purchase the permit of the Camden-Cullendale Bus Line was acquired by appellee Owen on October 11, 1944, while the applications involved herein were pending, and the transfer thereof was approved by the

commission on November 21, 1944, as required by § 14 of Act 367 of the General Assembly of Arkansas, approved March 26, 1941.

Hearing was had on November 8, 1944, by the commission on the applications of appellant and appellee, which were considered along with applications and protests of certain other parties. On December 12, 1944, the commission made separate orders by which the application of appellant for a permit was granted and the application of appellee to operate over the routes herein involved was denied. The permit granted to appellant was, under the terms of the commission's order, limited to "the duration of the war and six months thereafter." The right of appellee to operate under the permit originally issued to the Camden-Cullendale Bus Line was not affected by the orders of the commission.

Appeals from these orders were prosecuted to the Pulaski circuit court, where the two proceedings were consolidated and heard on the record made before the commission. By the judgment of the Circuit Court the orders of the commission were reversed and the commission was directed to issue permit to appellee in accordance with his application, and was directed to cancel the permit issued to appellant, in so far as it applied to the routes covered in the permit ordered to be issued to appellee. The effect of this judgment was to permit appellant to operate buses only over two unconnected routes —the route from Magnolia to Camden and the route from El Dorado to Hampton—and to deny the vehicles of appellant any access whatever to the naval ordnance plant.

In considering a case of this kind two principles must be kept in mind:

First: Where a matter is heard and decided by an administrative body such as the Public Service Commission, an order made by it should be upheld by the court on appeal unless it is against the weight of the evidence. The rule is thus stated in 9 Am. Jur. 494: "There are manifestly practical reasons for giving peculiar weight

to the finding of a commission, for such a body from the nature of its organization and the duties imposed upon it by statute is peculiarly competent to pass upon questions of fact of the character arising in the determination of questions relating to the reasonableness of rates and regulations. In fact, the commission's findings are in case of conflict of testimony entitled to a probative force upon a consideration of the case on appeal to the courts, for the commission, in addition to knowledge of conditions of environment and of transportation relations, has had the advantage of the presence of the witnesses before it." See, also, 51 C. J. 77; *East Tennessee, Virginia & Georgia Railway Company, et al.,* v. *Interstate Commerce Commission,* 181 U. S. 1, 21 S. Ct. 516, 45 L. Ed. 719; *Louisville & Nashville Railroad Company, et al.,* v. *Behlmer,* 175 U. S. 648, 20 S. Ct. 209, 44 L. Ed. 309; and *Illinois Central Railroad Company* v. *Interstate Commerce Commission,* 206 U. S. 441, 27 S. Ct. 700, 51 L. Ed. 1128.

Second: The paramount consideration in a proceeding of this kind is how the safety and convenience of the public will be best served. In the case of *Santee* v. *Brady, ante,* p. 224, 189 S. W. 2d 907, we quoted with approval this extract from Pond on "Public Utilities," 4th Ed., § 913: " 'In granting certificates, the public convenience and necessity should be the first consideration, and the interest of public utilities already serving the territory secondary, while the desire of a new applicant for a certificate is relatively a minor matter for the consideration of the commission.' " And in the case of *Lienhart* v. *Bryant, ante,* p. 764, 192 S. W. 2d 530, in discussing a proceeding before the commission in which the rights of different applicants for permits to operate buses on the same highway were being considered, we said: "By clear implication the public is an interested party. This is true because its convenience and necessity are subjects of first concern."

In the case at bar it was conceded that the service sought to be afforded under appellant's application was needed, and no question as to the ability of either of the applicants to give the desired service was raised. Neither

applicant was serving the proposed routes. While the decision of the lower court seems to have been based on the theory that appellee was already operating over part of these routes, this is not borne out by the record. When appellant filed its application on September 30, 1944, and when appellee filed his application on October 3, 1944, neither one of these parties was operating any bus over any part of the routes embraced in either application. Appellee, by obtaining, after he had already filed application for the permit herein involved, an option on the Camden-Cullendale Bus Line, which was serving only a few miles of the proposed routes, did not obtain any preemptive right in the premises.

Nor would the fact that appellant filed its application before the application of appellee was filed create any controlling priority in favor of appellant. However, it was an element in the situation that might be properly considered by the commission in determining which applicant should receive the permit. 42 C. J. 686; *Chicago Motor Bus Co.* v. *Chicago Stage Co.*, 287 Ill. 320, 122 N. E. 477; *State ex rel.* v. *Department of Public Works of State of Washington, et al.*, 129 Wash. 5, 223 P. 1048.

So, when the matter came on for hearing before the commission it had before it the applications of two bus line operators, both of whom were qualified to give the needed service and neither of whom had a superior right to operate buses over the routes described in their respective proposals.

But appellant offered a service that appeared (and doubtless was by the commission found to be) more advantageous to the general public than that proposed by appellee. Appellant proposed (in addition to other service) to operate buses from Magnolia to Camden and Fordyce, and from El Dorado to Hampton. This relatively important service was not offered in the application of appellee. The commission therefore had good reason to conclude that public convenience would be better served by the more extensive service proffered by appellant than the limited service proposed by appellee. It does not appear that the commission incorrectly ap-

praised the situation or that its order was against the preponderance of the evidence.

The judgment of the circuit court is accordingly reversed, and the lower court is directed to enter a judgment reinstating and affirming the orders of the commission.