SCHULTE *v.* SOUTHERN BUS LINES.

4-8075                                            199 S. W. 2d 742

Opinion delivered February 24, 1947.

*Ward Martin,* for appellant.

*Henry Donham* and *Smith & Sanderson,* for appellees.

ROBINS, J. This is an appeal from a judgment of the circuit court affirming an order of the Arkansas Public Service Commission which denied to appellant a certificate authorizing him to operate a motor passenger transportation line over State Highway 81 and U. S. Highway 65 from Hamburg (via a detour of about two and one-half miles off State Highway 81 to Ladelle) to Pine

Bluff, with a "shuttle" service from Star City to Gould and return.

The application of appellant was opposed by two other motor carriers, who asserted that existing facilities, provided by previously licensed carriers, were sufficient to handle traffic along the proposed route.

The highways of the state are constructed and maintained by the public and the convenience of the public is always the paramount consideration in determining the right of any carrier to use the highways. No carrier may have any vested right, by reason of its license, to the exclusive use of the highways for any given period. The General Assembly in the Act authorizing the issuance of certificates of authority for use of highways by carriers specifically provided (§ 9, sub-division (d), Act 367, approved March 26, 1941) that "no certificate issued under this Act shall confer any proprietary or property rights in the use of the public highways." See *Santee* v. *Brady,* 209 Ark. 224, 189 S. W. 2d 907. But a carrier who has been granted a license to operate over a given route has the right, under the law, when another carrier asks for a permit to operate over the same route, to oppose the granting thereof, and to show, if possible, that the existing service is adequate and that a duplication thereof by another carrier would not serve public convenience.

In the case at bar twenty witnesses testified on behalf of appellant and twenty-seven testified for appellees. The testimony on behalf of appellant indicated a need for additional service, while the effect of the evidence on behalf of appellees was to show that the existing service was entirely adequate. It may be said, however, that much of the criticism of the existing facilities by witnesses for appellant was directed to a period when abnormal conditions, brought on by the war, prevailed. It was shown that the city council of Monticello, a city on the route of the proposed line, had adopted a resolution asserting that the new service was not needed. The mayor of Star City, another town located on this route, testified that he considered the existing service adequate.

We try cases of this kind *de novo,* but it is the duty of the courts to accord due deference to the finding of the Commission, since it is the agency upon which the General Assembly has placed the duty to investigate and determine, in the first instance, the need for any proposed motor carrier service. 9 Am. Jur. 494; 51 C. J. 77; *East Tennessee, Virginia & Georgia Railway Company* v. *Interstate Commerce Commission,* 181 U. S. 1, 21 S. Ct. 516, 45 L. Ed. 719; *Louisville & Nashville Railroad Company* v. *Behlmer,* 175 U. S. 648, 20 S. Ct. 209, 44 L. Ed. 309; and *Illinois Central Railroad Company v. Interstate Commerce Commission,* 206 U. S. 441, 27 S. Ct. 700, 51 L. Ed. 1128.

A determination of the propriety of granting an application such as is here involved must always be governed by the peculiar facts shown; and a decision in such a case does not control consideration of another similar application on a subsequent occasion if a materially different fact situation may be proved. *Missouri Pacific Transportation Company* v. *Gray,* 205 Ark. 62, 167 S. W. 2d 636. A careful review of the evidence convinces us that the finding of the Commission, and of the circuit court, that public convenience would be best served by the denial of appellant's application is supported by a preponderance of the testimony.

Accordingly the judgment appealed from is affirmed.