SOUTHWESTERN GREYHOUND LINES, INC., *v.*
MISSOURI PACIFIC TRANSPORTATION CO.

4-8092                                    200 S. W. 2d 772

Opinion delivered March 17, 1947.

Rehearing denied April 21, 1947.

*Smith & Sanderson,* for appellant.

*Henry Donham,* for appellee.

ROBINS, J.   Appellant challenges the correctness of
the judgment of the lower court affirming an order of
the Arkansas Public Service Commission by which ap-
pellant was granted a temporary certificate authorizing
it to operate a motor transportation line as a common
carrier of passengers from Little Rock to Fordyce and
return over U. S. Highway No. 167 up until January 1,

1947, but was denied authority to operate said line permanently.

On April 22, 1940, L. N. Gray, doing business as Eagle Transportation Company operating a bus line over U. S. Highway No. 167 between El Dorado and Fordyce under authority of a certificate issued by the Arkansas Corporation Commission, predecessor of the Arkansas Public Service Commission, filed petition with the Commission asking that his bus route be extended from Fordyce to Little Rock over U. S. Highway No. 167. The Commission on November 21, 1940, made an order over the protest of the Missouri Pacific Transportation Company, hereinafter designated as "Missouri Pacific," extending Gray's permit so as to authorize him to operate with closed doors over the extension requested by him. This order was reversed by this court on January 11, 1943. See *Missouri Pacific Transportation Company* v. *Gray,* 205 Ark. 62, 167 S. W. 2d 636. While this litigation was pending the Southwestern Greyhound Lines, Inc., hereinafter designated as "Greyhound," acquired the rights of Gray under the certificate issued to Gray by the Corporation Commission.

Shortly after the decision in the Gray case was rendered Greyhound filed another application for certificate to authorize it to operate over U. S. Highway No. 167 between Fordyce and Little Rock. On May 19, 1943, over objection of Missouri Pacific, the Commission authorized Greyhound to operate with open doors between Little Rock and Fordyce on Highway No. 167, but the certificate was limited to a period of one year. By supplemental orders of the Commission this certificate has been extended from year to year, the last certificate expiring on December 31, 1946.

To support its final application, from the order on which this appeal is being prosecuted, appellant offered the testimony of 24 witnesses. These witnesses lived at El Dorado, Hampton, Calion, Fordyce and Sheridan, and included city officials and representatives of commercial organizations. The effect of this testimony was to show that traffic over bus lines between El Dorado

and Little Rock had greatly increased in the years following 1941; that the buses on both lines were generally well filled with passengers and in some cases crowded in spite of the fact that after the Greyhound service was instituted Missouri Pacific added a number of buses to its line. In 1940, Missouri Pacific operated two round trip schedules daily between Little Rock and Fordyce and in 1945 it was operating five round trips daily, and Greyhound in 1945 was operating three round trips daily. Appellee's entire revenues from the operation of this route in 1941 was $37,834.34 and its revenue over the same line for the first nine months of 1945 was $181,-452.73. Appellee offered no testimony except that of some of its officials and employees, who testified as to traffic and revenue on the line in question.

These two questions are presented on this appeal:

(1). Is the decision of this court in the case of *Missouri Pacific Transportation Company* v. *Gray, supra, res judicata* on the question of the propriety of granting the certificate of authority asked for by appellant herein?; and,

(2). Has there been made a sufficient showing of public necessity and convenience to require the granting of certificate of authority to appellant?

## I.

The decision in the *Missouri Pacific Transportation Company* v. *Gray* case, *supra*, necessarily dealt with the traffic situation at the time the application of Gray was filed with and acted upon by the Commission, and this court, in its opinion, recognized the possibility of the future need of the additional service offered by appellant and expressly authorized the granting of certificate for such service whenever such need might arise.

In the case of *Schulte* v. *Southern Bus Lines*, ante, p. 200, 199 S. W. 2d 742, we said: "A determination of the propriety of granting an application such as is here involved must always be governed by the peculiar facts shown; and a decision in such a case does not control con-

sideration of another similar application on a subsequent occasion if a materially different fact situation may be proved.''

After the Commission acted on Gray's application the United States became engaged in history's greatest war, a conflict that required the speedy mobilization of our manpower and industrial resources to an extent never before known. The movement of men and women of the armed forces between homes and encampments, and the assembling of vast numbers of workmen in factories and arsenals brought on unprecedented traffic conditions.

In the case at bar, there has been shown an enormous increase in bus traffic over the route involved. While some of the causes of increased traffic have ended with the close of hostilities, there is nothing in the testimony to indicate that there has been so far, or that there will be in the future, a marked diminution of such traffic.

Furthermore, when this court was dealing with the matter of the *Gray* case, *supra,* it appeared from the record that Gray had only limited facilities to offer, while in the case at bar it is conceded that appellant is one of the important motor passenger carriers of the nation and affords up-to-date, safe and comfortable buses to the traveling public.

We conclude that the traffic conditions, as shown by the record, at the time of the filing of the application involved herein, are so materially different from those reflected by that of the *Gray* case and the facilities of appellant are so unlike those of Gray that the decision in that case is not conclusive of the issues here.

## II.

By the service afforded under the certificates granted to appellant and to appellee the traveling public is afforded two excellent motor transportation lines from El Dorado to Little Rock—that of the Missouri Pacific Transportation Company via Camden and Fordyce

through Sheridan to Little Rock and that of Greyhound through Calion, Hampton, Fordyce and Sheridan.

The advantage to the public of the additional line through Hampton and Fordyce, as operated by appellant, is obvious and is pointed out in the testimony of numerous witnesses. The record also reflects that since the Greyhound line has been in operation the Missouri Pacific Transportation Company line has added to and improved the facilities provided by it for travelers. At the time the application involved herein was filed, there was evidently sufficient traffic to justify the operation of both lines.

In the case of *Schulte* v. *Southern Bus Lines, supra,* it was said that the paramount consideration in disputes of this kind is always the convenience of the public, and in that case we called attention to the fact that the legislature, in authorizing the issuance of certificates of authority to public motor carriers, had specifically provided that no such certificate should confer any proprietary or property rights for the use of the public highway.

We said in the case of *Lienhart* v. *Bryant,* 209 Ark. 764, 192 S. W. 2d 530, in referring to a proceeding of this kind: "By clear implication the public is an interested party. This is true because its convenience and necessity are subjects of first concern." See, also, *Santee* v. *Brady,* 209 Ark. 224, 189 S. W. 2d 907, and *Camden Transit Company* v. *Owen,* 209 Ark. 861, 192 S. W. 2d 757.

In view of the great convenience to the traveling public afforded by the motor carrier line being operated by appellant and the further fact that, so far, the operation of this line has not been destructive of the business of appellee, we conclude that the Commission should have granted a certificate authorizing appellant to continue to give the service heretofore authorized under the temporary permit.

But the certificate to be granted to appellant should contain a limitation (authorized by § 10 of the "Arkansas

Motor Carrier Act, 1941, Act No. 367'') to the effect that, should in the future a showing be made that the continued operation of appellant over the route in dispute would entail a destructive rather than a healthy competition and that public convenience would be best served by the operation of only one carrier over the route in controversy, the Commission might cancel appellant's certificate, and, in determining whether this should be done, the fact that appellee pioneered the route would be a factor in the situation to be considered by the Commission.

The judgment of the lower court is reversed and this cause is remanded with directions to the lower court to enter judgment directing the Public Service Commission to issue certificate of authority to appellant in accordance with what has been said in this opinion.