CROWN COACH COMPANY *v.* FORT SMITH INTERURBAN
LINES, INC.

4-9303                                    235 S. W. 2d 544

Opinion delivered January 15, 1951.

*L. M. Crouch, Jr., Thomas Harper, Bailey & War-
ren, Eugene Bailey* and *Walls Trimble,* for appellant.

*David L. Ford* and *Hardin, Barton & Shaw,* for
appellee.

PAUL WARD, J.  This appeal involves an order issued
by the Public Service Commission, which was appealed
to the Circuit Court of Pulaski County and there modi-
fied and affirmed, and also involves the modification
made by the lower court, which is here on cross-appeal.
The facts and circumstances connected with and sur-
rounding the order of the Public Service Commission
are as follows:

Since about the year 1930 the appellants and their
predecessors have operated bus lines separately, from
Fort Smith, Arkansas, to Mansfield, Arkansas, and
intermediate points over Highway No. 71, a distance of
approximately 30 miles.  This portion of appellants' bus

route is only a small part of the territory covered by them, and they have been operating at all times under licenses from the Public Service Commission or from its predecessor, the Arkansas Corporation Commission.

In 1935 the predecessor of appellee applied to and was granted a certificate of public convenience and necessity by the Arkansas Corporation Commission permitting it to carry passengers over the above mentioned route, but the said certificate was conditioned to allow the applicant to carry passengers only in connection with carrying the U. S. mail. Consequently, pursuant to said conditional certificate the appellee and its predecessors have at all times since been limited to carrying passengers in connection with carrying the mail. It appears that the U. S. mail contract along said route is renewed every four years, at which time the contract goes to the lowest acceptable bidder and that appellee will be compelled to negotiate another government mail contract in the near future.

Appellee being apprehensive that it might not be the successful bidder for the mail contract and realizing that in such event it could no longer carry passengers under the conditional certificate mentioned above, made application to the Public Service Commission on January 14, 1949, to have the aforementioned condition eliminated from its certificate.

On August 17, 1949, the appellants filed their protest and on October 19, 1949, the Commission made its finding in favor of the applicant, removing the said condition. Upon appeal to the lower court the finding of the Commission was affirmed, but also modified by an order of the court which reads as follows:

"Should a future showing be made that the continued operation of appellee over U. S. Highway No. 71 between Fort Smith, Arkansas, and Mansfield, Arkansas, by means of a greater number of schedules than those in effect at the time of the granting of this order, would entail a destructive rather than a healthy competition and that public convenience and necessity would be best

served by restoring the restriction herein removed from appellee's certificate, then the Commission may restore such restriction, and, in determining whether this should be done, the fact that appellants, Crown Coach Company and Continental Central Lines, and their predecessors, first operated the route as certificated carriers would be a factor in the situation to be considered by the Commission.''

Appellee appeals to this court from the above order of modification and appellants appeal from the order affirming the Commission.

Most of the testimony taken before the Commission is not in conflict. Appellee makes three round trips daily between Fort Smith and Mansfield and carries passengers on the same busses that carry the mail and is rendering a valuable service to the communities it serves and it would be a great inconvenience for this service to be discontinued. Appellant, the Crown Coach Company, operates five round trips daily over the same route and gives satisfactory service, while appellant, the Continental Central Lines, operates three round trips daily over the same route and also gives satisfactory service. The evidence does not disclose that there is at present any additional bus service needed over this route over and above the service rendered by the two appellants and by the appellee. If for any reason the service of the appellee in carrying passengers should be discontinued there is no showing that appellants are not ready, able and willing to supply the additional service, but it does tend to show that appellants would be in position to do so.

The testimony further discloses that appellee covers in its route two portions of territory that are not traveled by appellants. In the first instance the appellee's busses follow a different route out of Fort Smith and run through a portion of south Fort Smith different from the route taken by appellants' busses, but this territory is within the corporate limits of the City of Fort Smith. In the second instance appellee's busses cover a route from the town of Mansfield to the nearest and most con-

venient point on Highway No. 71 for a distance of one-fourth to one-half a mile, which the evidence shows to be a convenience for the people of Mansfield. It further appears that appellants have no intention of routing their lines into the town of Mansfield proper and one reason given for this is that the highway from No. 71 to Mansfield is not suitable for the operation of their busses. Also there is testimony showing that appellee by virtue of being a local carrier renders a character of service not rendered by appellants by reason of the fact that it is in a position to and does accommodate passengers frequently who want to travel in their work clothes with bundles in their arms and who may want a little extra time to make purchases or attend to other personal conveniences.

Appellants' testimony is to the effect that they are operating on a narrow margin of profit and that it would probably cause their businesses to operate at a loss if there was only a slight decline in the passenger load which they carry, and it is contended, that appellee on its present schedule would in all probability operate at a loss if it did not have the revenue derived from the mail contract.

In this situation and under the above set of facts and circumstances appellants earnestly and ably insist that the judgment of the lower court which affirmed the order of the Commission be reversed and appellee just as ably and earnestly insists that the said judgment be affirmed with the modification eliminated and that it be allowed to operate its bus line free from said restrictions and on any schedule desired by it and approved by the Commission. We are not wholly in accord with either view. To allow appellee the privilege of instigating a service additional to that now provided by all three of the bus lines here concerned, would be against the undisputed evidence which discloses that such additional service is neither a convenience nor a necessity at this time. In addition, it is speculative at this time as to whether or not appellee will be unable to renew its mail contract when it expires. If the government contract is

renewed appellee will continue to be in a position to furnish all the service needed at the present time as indicated by the evidence in this case.

It follows from what has been said that this court does not agree that the communities now served by these bus lines should be deprived of any of the service which they now have and which the evidence shows is needed, nor do we agree that the appellee should be deprived of its business enterprise without some opportunity to save it in case it does lose the mail contract. It is our opinion that the Arkansas Public Service Commission should grant appellee a certificate of public convenience and necessity restricted only by the provision imposed by the lower court as set forth above and by the further provision that appellee must continue operations under its present schedule as long as it retains the mail contract, and in the event it loses the mail contract it can apply to the Commission for a change of schedule.

It does not follow that appellee shall have the right to voluntarily discontinue its mail contract, but will be bound to make a *bona fide* effort to retain same and to renew it when the opportunity arises from time to time, and the good faith of appellee in this connection together with the condition imposed by the lower court shall be considered by the Public Service Commission if application is made by appellee for a change of schedule. This court has established a precedent for this character of modification in the case of *Southwestern Greyhound Lines, Inc.* v. *Mo. Pac. Transportation Co.*, 211 Ark. 295, 200 S. W. 2d 772.

The judgment of the lower court is modified and affirmed on direct appeal and affirmed on cross-appeal, with directions to the lower court to enter judgment in conformity with the above opinion and to certify same to the Public Service Commission.

ROBINSON, J., dissents.