ROBERT TORRANS, D/B/A COMMERCIAL STORAGE & DIST. CO. v. ARKANSAS COMMERCE COMMISSION, ET AL

5-4870                                    440 S.W. 2d 558

Opinion Delivered May 12, 1969

*Arnold* & *Arnold* for appellant.

*Louis Tarlowski* for appellees.

J. Fred Jones, Justice.    This appeal is from a judgment of the Pulaski County Circuit Court affirming an order of the Arkansas Commerce Commission in denying an application by Robert Torrans, doing business as Commercial Storage & Distribution Co., for authority to transport household and other goods and equipment intrastate.    Torrans' main place of business is located in Texarkana, Arkansas, and he had a Texas permit authorizing intrastate operation in that state.    He already had Arkansas authorization to transport household goods within Miller County and to and from the city of Texarkana, Arkansas.    The intrastate authority was sought under the provisions of Ark. Stat. Ann. § 73-1762 (Repl. 1957) which provides:

> "... [A] certificate shall be issued ... if it [is] found that the applicant is fit, willing and able properly to perform the service proposed ... and that the ... service ... is or will be required by present or future public convenience and necessity; otherwise the application shall be denied; and the burden of proof shall be upon the applicant ..."

Several certificated common carriers of the type goods included in appellant's application filed protests asserting that the proposed service is not required by the present or future public convenience and necessity, and a full hearing was had before the Commerce Commission resulting in the denial of the petition.

Upon appeal from the judgment of the circuit court affirming the order of the Commission, the appellant relies on the following points for reversal:

"Circuit Court erred in not trying the case de novo, according to Sec. 73-133, Ark. Stats., *Mo. Pac. T. Co.* v. *Inter City T. Co.,* 216 Ark. 95, 224 S.W. 2d 372, and in not deciding whether the determinations of the Commission were contrary to the weight of the evidence, but found that the order of the Commission is supported by substantial evidence, p. 12 of R. Vol. 2, and solely on this basis erroneously affirmed all the findings of the commission.

The trial court erred in sustaining the Arkansas Commerce Commission's denial of the authority of Torrans for household goods applied for.

The trial court erred in sustaining the Arkansas Commerce Commission's denial of authority to transport additional commodities.

The trial court erred in sustaining the Arkansas Commerce Commission's denial of extension of authority from Miller County to include additional commodities in Southwest Arkansas.

The trial court erred in sustaining the Arkansas Commerce Commission's denial of Torrans' application in its entirety.

The trial court erred in sustaining the Commission's finding that 'the present certified carriers have equipment which stands idle a good part of the time because of lack of business.' *Fisher* v. *Branscum,* 243 Ark. 516.

The trial court erred in sustaining the Arkansas Commerce Commission's finding that 'there appears nothing in the record to show that sufficient business is generated in such adjacent counties to justify additional certified carriers.' "

Under the appellant's first point, he argues that the circuit court erred in applying the "substantial evidence" rule rather than the "weight of the evidence" rule in reaching its decision. The trial court's judgment does recite that the order of the Commission "is supported by substantial evidence, and should be, and the same hereby is affirmed." Arkansas Statutes Annotated § 73-133 (Repl. 1957) sets out the procedure to be followed by the circuit court in reviewing an order of the Commerce Commission. This statute, insofar as it is applicable here, is as follows:

"Within thirty days after the entry on the record of the [Arkansas Commerce Commission] ... of any order made by it, any party aggrieved may file a written motion ... praying for appeal from such order to the circuit court ...

The said circuit court shall thereupon review said order upon the record presented ... and enter its findings and order thereon ..."

Appeals to this court from circuit court judgments affirming or reversing orders of the Commerce Commission are governed by Ark. Stat. Ann. § 73-134 (Repl. 1957), as follows:

"... [T]he appeal to the Supreme Court shall be governed by the procedure, and reviewed in the manner applicable to other appeals from such circuit court, except that any finding of fact by the circuit court shall not be binding on the Supreme Court, but the Supreme Court may and shall review all the evidence and make such findings of fact and law as it may deem just, proper and equitable."

In the case of *Wisinger* v. *Stewart,* 215 Ark. 827, 223 S.W. 2d 604, this court said:

"A point not to be lost sight of here is that *de novo* review by the courts, including this Court,

must not proceed as though the Public Service Commission did not exist and had never held a hearing. A hearing has been held, and the Commission which held the hearing has had the advantage of seeing and hearing the parties and witnesses face to face, whereas the Circuit Court and this Court review the evidence from the record only. 'Where a matter is heard and decided by an administrative body such as the Public Service Commission, an order made by it should be upheld by the court on appeal unless it is against the weight of the evidence.' *Camden Transit Co.* v. *Owen,* 209 Ark. 861, 192 S.W. 2d 757, 758.''

Apparently the trial court did err in applying the substantial evidence rule in the case at bar, but such error is not prejudicial to the appellant since we also review the record *de novo* on appeal from the circuit court and must affirm the order of the Commission if the order is not against the preponderance of the evidence. In *Mo. Pac. T. Co.* v. *Inter City T. Co.,* 216 Ark. 95, 224 S.W. 2d 372, we said:

''. . . [T]he *de novo* review prescribed by the governing statute, Ark. Stats. (1947) §§ 73-133 and 73-134, is similar to that employed by this Court in Chancery appeals. Accordingly it was concluded that 'This Court's proper task, in the light of this state of the law, is to inquire whether the determination of the Commission was contrary to the weight of the evidence.' ''

The testimony presented by appellant in support of his application is summarized briefly as follows : Appellant, Robert Torrans, testified that there is an obvious need for movers in southwest Arkansas based upon moves that he has been unable to handle.

Mr. O. L. Werst, an employee of the appellant, testified that he lived at Hatton in Polk County, Arkansas ;

that he owns a tractor of his own and did use a rented trailer belonging to Mayflower Transit Co. prior to his transfer over to working for the appellant in 1960. He testified that if the appellant was awarded the intrastate permit, that he, Mr. Werst, would be in a position to service the area in and around Hatton. He testified that he received telephone calls quite frequently from residents in the community, but that he does not remember specifically who any of the individuals were or the time at which the calls were made. He did recall a Mr. C. H. Johnson, who lived at Cove, Arkansas, and that he moved him from Cove to Mena, and that since that time, within the last year, he had moved the same man interstate from Mena to Ardmore, Oklahoma. On cross-examination this witness testified that he had only handled the one move intrastate and that he was contacted by one other individual, and suggested that that individual call the appellant in regard to a move from Wicks to Ashdown.

Mr. Hollis Luck of Hope, Arkansas, testified that he was in the used furniture business and previously was in the floorsweep manufacturing business; that he used his own truck in picking up used furniture at the various places he purchased it, and that he thinks he would go out and buy more furniture if he could get it moved. He testified that it was necessary for the people in the vicinity of Hope to borrow a cattle or log truck to move their furniture, and that he is unable to get anything shipped out of Hope because the original certified mover who was at Hope had died and his wife had sold out to somebody else and that the new owners do not want to move household goods. On cross-examination this witness testified that he desires intrastate service for the appellant in order to bring merchandise into Hope; that he is purchasing used furniture locally at the present time, and that an intrastate carrier based in Texarkana would be of very little benefit to him, and that the reason common carriers do not like to handle his merchandise is that it doesn't weigh enough. This witness testi-

fied that he was under the impression that if the application should be granted, the appellant would dispatch a truck to Texarkana to pick up a load of furniture, and that he does not know if other common carriers would do the same thing or not; that he has not investigated what intrastate service is available at the present time.

Mr. Walker Strasner testified that he was in the business of farming and cattle raising, and that he does some trading in real estate at Nathan, Arkansas, north of Nashville. This witness testified that there was new industry moving into the entire area, that he sees lots of moving going on in the community, and that the moving he has observed has been in cattle trucks and open-top trucks. On cross-examination this witness testified that the moving he had observed had been in the vicinity of Murfreesboro, Nashville, Nathan and Dierks, and that he had never had an occasion to make an investigation as to what type of moving was available from Prescott, Hope or any other towns in that area.

Mr. Ed Smith testified that he lives at DeQueen, Arkansas, and is a salesman for a realty company in that area. He testified that he does not know of any common carriers situated in that area, and that he has had occasion to use the service of a household mover; that he does not remember the date but that he moved from one place to another in the city of DeQueen. He testified that he moved in an open truck and that there was no household mover in town. He testified that he knew of people moving from other parts of Arkansas to DeQueen and from DeQueen to other parts in Arkansas, but that he does not know how they moved. On cross-examination this witness testified that he moved from one place in DeQueen to another address some four years ago and that he did not have need for a household goods mover transportation service.

Mr. Luther Alford testified that he lives in Murfreesboro, Arkansas; that he has lived in that community

all of his life, is 73 years of age, and has farmed and has served eight years as deputy sheriff. He testified that he had observed people moving household goods into and out of Murfreesboro and that the most of them had moved on open cattle trucks. This witness testified that he remembers seeing one van type moving truck from Hope, and that he thinks that this move was from Murfreesboro to Hope.

Mr. Smith testified that he knew of no specific instance of anyone having difficulty in moving to and from Murfreesboro, but that he did know of one particular case where some people in Clarendon called a cattle truck to come from Murfreesboro to move them. Mr. Smith testified that the majority of the people he had observed moved in cattle trucks and that he cannot think of anyone in particular he has heard complain about lack of moving facilities. On cross-examination this witness testified that the last move he had made was in 1932, when he moved from one part of Murfreesboro to another. He testified that he does not have any need for a moving service, but that he does not know when he might.

Mr. M. A. George testified that he lives in Cove, Arkansas, and is a real estate broker; that some of the sales that he has made have resulted in people moving in and out of the community. He says that most moves are made by pickup trucks or cattle trucks, and that apparently no other local service is available to them. This witness testified that he would be glad to refer his clients to the appellant if the appellant were able to render local service and that he would like to be able to refer his clients who inquire about movers to someone close by. On cross-examination this witness testified that he had no personal need for the service of a household goods mover. He was unable to recall any specific clients who had need of a household mover from Cove, but that everyone would be more or less familiar with the fact that there was no one available. This witness testified that he

had no idea of the type service the appellant proposed to render out of Cove, Arkansas, and that he has made no investigation as to existing facilities which might be available in and around Cove. This witness testified that he could think of no reason why existing carriers could not have performed the services needed in the community. He testified that he had contacted no mover of household goods and has had no occasion to do so. He says that he has heard complaints about the lack of moving facilities but cannot remember who made them or when. He testified that he had made no effort to find moving service in Texarkana or the nearby towns.

Mr. A. J. Robinson testified that he lives at Wicks, Arkansas; that he owns a little motel and drive-in and that he is a real estate broker. This witness testified that the community was growing; that he had seen people moving in pickups and cattle trucks, but that he does not know whether the trucks belong to the people doing the moving or to someone else. This witness testified that he has no need for a furniture moving service personally.

Mr. George Turner testified that he lived in Lewisville; that the community is growing, that there is no common carrier of household goods stationed in Lewisville, and that the people moved mostly by pickup truck. On cross-examination Mr. Turner testified that it is approximately 30 miles from Lewisville to Texarkana; that until very recently he was office manager for Cherokee Carpet Mills; that he has no need for moving service himself and that his only reason for appearing as a witness was to testify that Lewisville has grown in population in the last five years, and that new industries are coming into the area.

Mr. Jim C. Reece and Mr. Odie Jackson, who live at Nashville, testified substantially the same as the other witnesses to having seen people moving locally on bobtrucks and most anything they could get. Mr. Jackson

testified that he had seen a few moving vans come into Nashville, but does not know where they were from or anything about them. He testified there was no common carrier of household goods domiciled in Nashville, and that he suspects Texarkana would be the closest place to obtain the services of a regular moving van for the moving of household goods.

Mr. W. A. Jones testified that he lived in Texarkana and is in the real estate business. He testified that the population in and around Ashdown is increasing and testified as to the new industry that is coming into southwest Arkansas. On cross-examination this witness testified that Ashdown is approximately 20 miles from Texarkana, and that he himself has no transportation problems of any kind.

The twelve protestants offered testimony to the effect that they were actively engaged in the rendition of the same services included in appellant's application. They testified that they were ready, able and willing to accept additional business and that there were many times when some of their equipment was standing idle. They testified that they solicited business by advertisements in the yellow pages of telephone directories in all parts of the state, including southwest Arkansas; that they accepted long distance collect calls from prospective customers and had never received a request for service they were unable or unwilling to perform.

The finding of the Commission, in denying the appellant's application, is set out in part as follows:

"The Commission has given careful consideration to all of the facts and the evidence and, as stated above, finds that the Applicant has not met the burden of proof imposed upon him by Section 9 (a) of Act 397 of the Acts of Arkansas, 1955. Accordingly, it follows that no useful purpose would be served by granting Applicant authority in any adjacent county, since there appears nothing in the

940

record to show that sufficient business is generated in such adjacent counties to justify additional certificated carriers. From the foregoing, the Commission is of the opinion that the application must be denied in its entirety."

In the rather recent case of *Arkansas Best Freight System* v. *Missouri Pacific Truck Lines,* 240 Ark. 664, 401 S.W. 2d 571, we said:

"The rule is set out in *Missouri Pacific Railroad Company, Thompson, Trustee* v. *Williams,* 201 Ark. 895, 148 S.W. 2d 644. There quoting from A.L.R., we said: ' * * * The general rule is that a certificate may not be granted where there is existing service in operation over the route applied for, unless the service is inadequate, or additional service would benefit the general public, or unless the existing carrier has been given an opportunity to furnish such additional service as may be required.'

\* \* \*

Of course, a few individuals or companies might receive some benefit from the granting of a certificate ... but the benefit that might accrue in these isolated cases is not what is meant by the term '*public convenience and necessity.*' "

In the still more recent case of *Fisher* v. *Branscum,* 243 Ark. 516, 420 S.W. 2d 882, we said:

"In weighing the evidence, we do not substitute our judgment for that of the Commerce Commission. We will accord due deference to the Commission's findings because of its peculiar competence to pass upon the fact questions involved and because of its advantage in seeing and hearing the witnesses during the full hearing."

From our examination of the entire record in this case, we are unable to say that the findings of the Com-

mission and its order entered thereon, were against the weight of the evidence. The judgment of the trial court is affirmed.

Affirmed.