Robert MOORE, Chairman, Arkansas
Transportation Commission, STATE of Arkansas
and Garry L. BREWER, Stanley McNULTY,
Commissioners *v.* ARKANSAS TRANSPORT
COMPANY

80-111                                            606 S.W. 2d 575
Supreme Court of Arkansas
Opinion delivered October 20, 1980
Rehearing denied November 24, 1980

832

*Arkansas Transportation Commission*, by: *Walter Murray*, General Counsel, for appellants.

*Napper, Wood, Hardin, Grace & Downing, P.A.*, for appellee.

JOHN F. STROUD, Justice. Appellee, Arkansas Transport Company, is a common carrier authorized to transport petroleum and petroleum products both intrastate and interstate. On July 5, 1979, appellant Arkansas Transportation Commission conducted a hearing on appellee's application for a rate increase. The application sought approval of an adjustment of its intrastate tariff in the amount of 12.67% and, in support thereof, offered the testimony of its president as well as data concerning the company's financial condition and operations. Mr. Ralph Bradbury, Rate Analyst for the Commission, testified and his memorandum opinion recommending approval of the full rate increase was available to the Commission. No one appeared in opposition to the application.

On July 11, 1979, the Commission issued its written findings denying the requested rate increase, but granted a 4% rate increase, saying "there is need for some relief so that Arkansas Transport Company may show a reasonably 'healthy' operating ratio." The Commission stated in justification of its denial of the full rate requested that (1) the company had already been granted rate increases of 11% during that calendar year, (2) a 5% fuel surcharge had already

been authorized, (3) the increase granted, together with that requested, were well in excess of the "President's Voluntary Wage and Price Guidelines" and (4) the company offered no testimony of what action, if any, it had undertaken to reduce its expenses.

The company appealed the decision of the Commission to the Pulaski County Circuit Court, urging six points of error. On December 14, 1979, the trial court issued its memorandum opinion agreeing with two of the points of error, namely (1) that the Commission's order failed to state its findings of fact and conclusions of law as required by Arkansas law, and (2) that the order was contrary to the facts of the record and was not supported by a preponderance of the evidence. The Order of the Circuit Court was issued on January 2, 1980, which embodied the findings of the memorandum opinion, reversed the Commission, and approved the requested rate increase of 12.67%. By supplemental order, the trial court on January 11, 1980, authorized the Company to implement the 12.67% increase on the condition that the funds accruing from the rate increase be held in an escrow account pending appeal to the Arkansas Supreme Court. The Commission brings this appeal urging that the order of the Pulaski County Circuit Court is contrary to the facts and the evidence. We agree and reverse that decision.

One of the reasons stated by the trial court for reversing the decision of the Commission was that its order failed to state its finding of fact and conclusions of law. Although we find no specific statutory requirement for the Commission to make such findings, we think they should be made in every case. As noted earlier, the Commission did set out several reasons in its written findings for denial of the 12.67% rate increase and for the granting of the 4% rate increase which we find sufficient for our review *de novo*. If the trial court felt the need for amplified findings and conclusions by the Commission, it should have remanded the matter to the Commission for it to supply such from the record without holding further hearings. We think that authority is implicit in Ark. Stat. Ann. § 73-133 (Repl. 1979), which provides that on appeals from the Arkansas Transportation Commission the "circuit

court or its circuit judge shall have the right to issue such temporary or preliminary orders as to it or him may seem proper until final decree is rendered."

In its memorandum opinion, the trial court apparently gave substantial weight to the fact that no one appeared in opposition to the requested rate increase and to the fact that the Commission's expert witness supported the full increase. Although pertinent, neither should be controlling, as the Commission has the duty to exercise its independent discretion to protect the interests of the public. This is apparent from a reading of Ark. Stat. Ann. § 73-1769(i) (Repl. 1979) which provides that the Commission in prescribing just and reasonable rates "shall give due consideration . . . to the need, in the public interest, of adequate and efficient transportation services by such carriers at the lowest cost consistent with the furnishing of such service."

Appeals from the circuit court to this court, of actions originating before the Arkansas Transportation Commission, are controlled by Ark. Stat. Ann. § 73-134 (Repl. 1979), which provides in part:

[A]ny finding of fact by the circuit court shall not be binding on the Supreme Court, but the Supreme Court may and shall review all the evidence and make such findings of fact and law as it may deem just, proper and equitable.

We must affirm the order of the Commission if the order is not against the preponderance of the evidence. *Torrans* v. *Ark. Commerce Comm'n*, 246 Ark. 930, 440 S.W. 2d 558 (1969). In *Wisinger* v. *Stewart*, 215 Ark. 827, 223 S.W. 2d 604 (1949), this court said:

A point not to be lost sight of here is that *de novo* review by the courts, including this Court, must not proceed as though the Public Service Commission did not exist and had never held a hearing. A hearing has been held, and the Commission which held the hearing has had the advantage of seeing and hearing the parties and witnesses

face to face, whereas the Circuit Court and this Court review the evidence from the record only.

As we do not find the decision of the Commission to have been contrary to the weight of the evidence, we reverse the decision of the trial court, reinstate the order of the Commission, and remand this case for proceedings not inconsistent with this opinion.

Reversed and remanded.