ARKANSAS COMMERCE COMMISSION *v.*
KANSAS CITY SOUTHERN RAILWAY CO.

5-4564                                    428 S. W. 2d. 83

Opinion delivered May 21, 1968

*Claude Carpenter Jr.,* for appellant.

*Thomas Harper,* for appellee.

PAUL WARD, Justice. This is an appeal from the trial court's judgment reversing the action of the Arkansas Commerce Commission (appellant) wherein it denied the Kansas City Southern Railway Company (appellee) authority to close its station located at Winthrop in Little River County.

The above proceeding was initiated and prosecuted in accord with the provisions of Ark. Stat. Ann. § 73-809b. (Supp. 1967) which, in parts material here, reads:

"b. Any railroad operating in this State may file with the Arkansas Commerce Commission a notice of discontinuance, . . . of any of its agency stations together with a statement . . . to the effect that such agency station had been operating at a financial loss *according to standard accounting procedures* for not less than one [1] year immediately preceding . . . and such agency station may thereupon be closed . . . ninety [90] days after date of filing of such notice unless a petition for the re-establishment of such . . . station, signed by at least twenty-five [25] qualified electors residing in the city, town or political subdivision where the same is located, is filed with the Arkansas Commerce Commission within sixty [60] days after date of filing of the notice aforesaid. The Arkansas Commerce Commission is authorized, empowered and required to hear and consider all petitions for the re-establishment of any agency station discontinued . . . by the railroad under authority of this Act [section,] which hearing shall be held within sixty [60] days following filing of petition . . . In determining whether an agency station should be discontinued . . . the standard to be employed is whether the railroad has operated the agency station at a financial loss *according to standard accounting procedures* for not less than one [1] year immediately preceding the filing of the notice of discontinuance, *dualization or modification, or whether operating economies would result therefrom."* (Our Emphasis)

It is not disputed here that both parties followed the procedural steps outlined in the statute. That is: appellee gave the notice and statement; twenty-five qualified electors filed a petition, opposing the closing of the station, with appellant, and; in due time a hearing was held.

The Commission (appellant), on June 19, 1967, found: (a) The continuance of the station is required by

the public convenience and necessity, and; (b) Discontinuance of the station should not be granted, and it was so ordered. This order was appealed to the Pulaski Circuit Court which, after reviewing the record, reversed the Commission and directed it to enter an order allowing appellee to discontinue the Winthrop agency station.

On appeal appellant relies on two separate points for a reversal. *One,* the trial court erred in finding the station was operated at a loss for one year, and; *Two,* the trial court erred in finding that operating economies will result to appellee consistent with public convenience and necessity if the station is closed.

*One.* The decisive issue here is whether appellee showed, by "standard accounting procedures", that the station operated at a loss (as required by the statute).

It is undisputed that the exhibits introduced by appellee before the Commission showed the station did operate at a loss for the required time. The only question then is, was the showing arrived at "according to standard accounting procedures"? This was one of the decisive issues in the case of *CRI&P RLD. Co.* v. *Ark. Commerce Comm.,* 243 Ark. 661, 420 S. W. 2d 917. There the Commission and the trial court held against appellant because no such showing was made. There we said: "There was no testimony to show that the method used by appellant . . . was according to standard accounting procedures required" . . . by the statute. That is not the situation in the case here under consideration, as is shown by the undisputed testimony of appellee's witness, Mr. Johnson.

"Q. Is this allocation of 50% to origin and destination stations standard railway accounting procedure?

"A. Yes, sir, it is.

"Q. Is the allocation of system expenses which you have described in Exhibits No. 1 and No. 2 standard railway accounting procedure?

"A. Yes, sir."

No evidence was offered by appellant to contradict Johnson's testimony, and none to show he was not competent and qualified to testify.

Since we conclude the trial court must be affirmed on this point it becomes unnecessary to discuss point *Two* which is only an alternative ground for an affirmance but not for a reversal.

Affirmed.