ARKANSAS COMMERCE COMM'N ET AL v.
ST. LOUIS SOUTHWESTERN RAILWAY CO.

5-5110                                    448 S. W. 2d 950

Opinion delivered January 19, 1970

*Louis Tarlowski*, for appellants.

*Moses, McClellan, Arnold, Owen & McDermott,* for appellee.

FRANK HOLT, Justice. Pursuant to Ark. Stat. Ann. § 73-809(b) (Supp. 1967), the appellee filed with the Arkansas Commerce Commission a notice of the discontinuance of its agency station at Stamps, Arkansas. A requisite number of the qualified electors of the city signed and filed a petition with the Commission protesting the station closing and asking re-establishment of the station. After two separate hearings the Commission sustained the protestants' demurrer at the close of appellee's case. The Commission then made a Report and Order denying appellee the authority to discontinue its agency railroad station. Upon appeal the circuit court reversed the Findings and Order of the Commission and directed the entry of an order authorizing the closing of the station. From that judgment the Arkansas Commerce Commission and the protestants, the residents of Stamps who signed the petition, bring this appeal.

On appeal the appellants contend for reversal that the judgment of the circuit court was erroneous in finding that the Order and Findings of the Commission are contrary to the law and the evidence presented to the Commission; in finding that the Commission acted beyond its discretion in refusing to permit appellee to close its station; and further erred in finding and holding under the law and the evidence that appellee's petition to close its station should have been granted by the Commission. The appellants ask that the judgment of the circuit court be reversed with directions to deny the petition of the appellee railroad and to reinstate the Order of the Commission which denied appellee the authority to close its Stamps agency station.

We recently considered the extent of appellate review upon appeals from the findings of fact of the Arkansas Commerce Commission. *Fisher* v. *Branscum,* 243 Ark. 516, 420 S. W. 2d 882 (1967). There we said that

§ 73-134 "provides that findings of fact of the circuit court are not binding on this court. On the other hand, it requires that we review all the evidence and make such findings of fact and law as we deem just, proper and *equitable."* In other words, our review is similar to that which we make in chancery cases.

The appellee sought, according to the requirements of the statute, to discontinue service on the basis that the "agency station had been operating at a financial loss according to standard accounting procedures for not less than one (1) year immediately preceding, or that operating economies would result consistent with public convenience and necessity." § 73-809(b). In support of these alternate allegations the appellee presented two witnesses. One was its supervisor of stations who was familiar with the operation and procedures followed by the railroad with respect to the handling of freight. He testified as to the amount of carload traffic and the number of customers (for the 12-month period preceding the notice of closing), the distance to the nearest agency station, the ability of the appellee to continue to perform identical service for its customers at Stamps, all of which was to the effect that the closing of the Stamps station would result in operating economies and would be consistent with the public convenience and necessity. The other witness was appellee's special accountant employed in the cost bureau of its executive department. His testimony related to the volume of business and the operational costs of the Stamps station for the twelve months immediately preceding the filing of the notice. His testimony was based upon the official records of the railroad which, according to him, are kept in accordance with the standard accounting procedures followed by the railroad industry. It was his testimony that the operation of the Stamps station during the pertinent preceding twelve months resulted in a financial loss. We do not deem it necessary to detail the evidence in the case since upon a review of appellee's uncontradicted evidence we are convinced that the appel-

lee made a prima facie case for the closing of the station. *Arkansas Commerce Comm'n v. Kansas City Southern Ry. Co.,* 244 Ark. 912, 428 S. W. 2d 83 (1968).

However, when we review the evidence de novo, as we do in chancery cases, we find in the case at bar that an inequitable result would be reached by permitting the closing of the station without an opportunity for further proceedings. We perceive from the record that there were witnesses available for the protestants who should have been offered the opportunity to contradict the evidence submitted by the appellee, which evidence, as previously indicated, constituted a prima facie case for closing the station. This right was cut off by improvidently sustaining the demurrer, by protestants' then attorney, to appellee's evidence. As we said recently in *Fisher v. Branscum, supra,* we are required, after reviewing all of the evidence, to make "findings of fact and law as we deem just, proper, and *equitable.*" We have discretionary power in equity procedure to remand for further proceedings. *Brizzolara v. Powell,* 214 Ark. 870, 218 S. W. 2d 728 (1949); *General Box Co. v. Scurlock, Comm'n of Revenues,* 224 Ark. 266, 272 S. W. 2d 678 (1954). In the state of the record in the case at bar, it is our view that a just, proper, and equitable result requires that we reverse the judgment of the circuit court. The cause is remanded with instructions that the Commission be directed to overrule the demurrer and permit the appellant protestants to offer proof, if they desire, in contradiction of the evidence presented by the appellee. In the event the protestants cannot or do not elect to do so, then the judgment of the circuit court is affirmed.

Reversed and remanded with directions to enter a judgment not inconsistent with this opinion.