## TRANSPORT COMPANY *v.* ARKANSAS
## TRANSPORTATION COMMISSION ET AL

73-129                          504 S.W. 2d 366

Opinion delivered January 28, 1974

*Harper, Young & Smith,* for appellant.

*Louis Tarlowski,* for appellees.

GEORGE ROSE SMITH, Justice. The appellant, Transport Company, and its wholly owned subsidiary, Southern Transport, Inc., are motor carriers transporting petroleum products in intrastate commerce in Arkansas. Prior to the present proceedings the parent company was an authorized common carrier, but its certificate of authority limited it to the transportation of commodities along specified highways, most of which radiated from Little Rock to other parts of the state without connecting with one another at the far ends. The subsidiary company was a contract carrier engaged primarily in transporting asphalt (a petroleum product) along a different set of highways.

In this case Transport, the parent company, applied to the Arkansas Transportation Commission, a nominal appellee here, for the removal of certain restrictions in Transport's certificate, so that it could operate over any and all highways to and from all points within the state.

The applicant contemplated that its subsidiary company would be dissolved if the Commission granted the application, thereby enabling Transport to perform as a common carrier the services that the subsidiary had been performing as a contract carrier.

Transport's application was protested by two competing carriers, Arkansas Transport Company and Earl Gibbon Transport. After a hearing at which much testimony and many exhibits were introduced, the Commission granted Transport's application. Arkansas Transport appealed to the Pulaski Circuit Court, where the Commission's order was set aside as being against the weight of the evidence. Transport brings the case to us, with Arkansas Transport as the real appellee.

At the outset Arkansas Transport renews its insistence that all proof pertaining to the subsidiary company's operations be disregarded, because that corporation was not a party to Transport's application. The Commission was right in rejecting that contention. The Commission is not bound by technical rules of pleading and evidence, its mission being to ascertain the facts bearing upon the right and justice of the matters before it. Ark. Stat. Ann. § 73-127 (Repl. 1957). At the hearing the subsidiary's authorized representative announced that the subsidiary joined in Transport's application and that upon the granting of that application the subsidiary would surrender its permits to the Commission and merge assets through an appropriate plan approved by the Internal Revenue Service. Arkansas Transport did not plead surprise or ask for a continuance, doubtless because substantially all the applicant's proof had been disclosed in exhibits filed before the hearing. Thus the objection is purely a technical one, having no bearing upon the merits of the controversy.

We are firmly of the opinion that the Commission was fully justified by the weight of the evidence in granting Transport's application. It must be kept in mind that only a few years ago the appellee Arkansas Transport obtained for itself the same broad authority to operate over irregular routes throughout the state that the appel-

lant is now seeking. See *Wheeling Pipe Line* v. *Arkansas Commerce Commn.*, 249 Ark. 685, 460 S.W. 2d 784 (1970), where Arkansas Transport prevailed. In the case at bar the Commission went to the heart of the matter in these two sentences in its report and order: "The carrier that is limited to a regular route operation cannot compete cost-wise with the carrier authorized to transport the same commodities between the same points over a shorter irregular route at the same level of rates required by law to prevent undue preferences or advantages and unfair or destructive competitive practices. The carrier that is restricted to regular routes involving greater distances is subjected to unfair competitive advantage resulting, in effect, in wasted·transportation and robbing him of the right to compete for traffic between the same points on the same class of traffic."

Illustrations taken from the facts in the record will demonstrate the wisdom of the Commission's position. Transport, when it filed its present petition, was authorized to pick up petroleum products at a distribution station in West Memphis, for example, and deliver them to customers in Marianna, only 48 miles away by the most direct route. But Transport was not authorized to travel that particular highway. To render that service it would have to travel west from West Memphis to Little Rock along one highway and then east to Marianna along another highway, the total distance exceeding 200 miles. It would have to travel even farther, by way of Little Rock, to make a delivery from West Memphis to Earle, although both those cities are in Crittenden county, about 25 miles apart. There is no limit to the number of similar instances that resulted from Transport's being restricted to the use of certain specified highways radiating from Little Rock.

The Commission was undeniably right in stressing the "wasted transportation" that would have continued had the application been denied. When the Commission announced its decision the threat of a national energy shortage was not as well publicized as it is today, but now the threat is a matter of such common knowledge that we cannot ignore it. Neither in its brief nor in its

oral argument has the appellee suggested any sound basis for the wasteful practices that were relieved by the Commission's order. It may well be that those practices were justified in past years, when the public rules and regulations were being developed, but the situation that exists today obviously demands a re-examination of principles that were formerly regarded as controlling.

In fairness to the appellee and the circuit court we should add that even without reference to the energy shortage we do not find the Commission's decision to be contrary to the weight of the evidence. The energy situation, however, makes it unnecessary for us to discuss at length the persuasive proof showing that the additional service proposed by the applicant will benefit the general public (*Santee* v. *Brady*, 209 Ark. 224, 189 S.W. 2d 907 [1945]) by providing a more flexible service at less cost than has been the case heretofore. Neither need we dwell in detail upon other proof that was before the Commission, such as the fact that Arkansas Transport was not itself engaged in the transportation of asphalt and the fact that at the time of the hearing Arkansas Transport had not established a terminal at Fort Smith, even though it had promised to do so four years earlier in the proceeding that reached us in the *Wheeling* case, *supra*. It is enough for us to say that we do not find the Commission's decision to be against the preponderance of the proof.

Reversed.

HARRIS, C.J., not participating.

FOGLEMAN and BYRD, JJ., concur.

JOHN A. FOGLEMAN, Justice, concurring. I concur because I think the evidence preponderated in appellant's favor, without giving any consideration to the "energy shortage" about which there is increasing debate. That matter could not have been an issue before the commission or the trial court, and our function is to review that record and the evidence and issues there presented.