KANSAS CITY SOUTHERN RAILWAY COMPANY
*v.* ARKANSAS TRANSPORTATION COMMISSION

82-204                                              645 S.W.2d 944

Supreme Court of Arkansas
Opinion delivered February 7, 1983

*Hardin, Jesson & Dawson,* by: *Rex M. Terry,* for appellant.

*Maddox & Miller,* by: *Janis A. Richardson* and *David Maddox,* for appellee.

STEELE HAYS, Justice. The Kansas City Southern Railway Company, as an economy measure, elected to close its station at Mena, Arkansas, and assign the station agent to another location. Pursuant to Ark. Stat. Ann. § 73-809 (Repl. 1979), the company filed its Notice of Discontinuance of Agency Station with the Arkansas Transportation Commission, asserting that the discontinuance would result in operating economies consistent with public convenience and necessity. The closing was opposed by Mena residents and railroad customers. After taking testimony the Commission found that the closing would not result in operating economies consistent with public convenience and necessity and denied the request. The denial was affirmed by the Circuit Court and the appeal is here under Rule 29 (1) (d). We affirm.

Ark. Stat. Ann. § 73-809 (Repl. 1979) provides that a railroad may discontinue an agency station by showing the Commission that it has operated the station at a financial loss for not less than one year, or that operating economies consistent with public convenience and necessity would result. The railway company conceded that its annual

revenues had exceeded its expenses at Mena by an amount it declined to disclose, but it claimed that economies would be effected by eliminating direct station expenses, which exceeded $31,000.00 in 1980. The company said a time-and-motion study of the station showed only two and one-half productive hours of work being performed daily by the agent. The company said it was establishing a new way-billing system and taking all car orders by a toll-free telephone network at its customer service center in Shreveport. It argued that all the duties of the agency could be performed effectively through Shreveport and that the new arrangements would be just as satisfactory to railway customers as soon as they became used to it.

We have said that appeals from Circuit Court in cases of this type are heard de novo. *Boyd* v. *The Arkansas Motor Freight Lines, Inc.*, 222 Ark. 599, 262 S.W.2d 282 (1953). And that we review all the evidence and make such findings of fact and law as we deem just, proper and equitable, as in chancery cases. *Arkansas Commerce Commission* v. *St. Louis Southwestern Railway Company*, 247 Ark. 1032, 448 S.W.2d 950 (1970). *Fisher* v. *Branscum*, 243 Ark. 516, 420 S.W.2d 882 (1967). But we have recognized that where the decision below is persuasive, or the evidence evenly balanced, full effect must be accorded factual findings and the views of the administrative agency must prevail. *Arkansas Express Inc.* v. *Columbia Motor Transport Co.*, 212 Ark. 1, 205 S.W.2d 716 (1947).

Here, the Commission heard the testimony of six witnesses in opposition to the closing. Some of the testimony was general, but much of it attested to the need for an agent in Mena, that the town was growing and shipments were increasing. There was considerable complaint over the attempt to substitute telephone service to Shreveport in place of direct contact with an agent in Mena. Witnesses said it was difficult to reach Shreveport; frequently the caller got only a recording that the lines were busy, or would be put on hold for long periods. Often the caller was told the computer was "down" and to call back; sometimes a clerk would be unable to understand the instructions given; several witnesses described telephone service as very unsatisfactory.

Other problems discussed were that without the agent, customers were required to do many of the functions normally performed by the agent. In short, the testimony fully supports the findings of the Commission that operating economies did not outweigh the inconvenience which would result from the closing.

In *Louisiana and Arkansas Railway Co. v. Arkansas Commerce Commission,* 235 Ark. 506, 360 S.W.2d 763 (1962) we upheld the Circuit Court in affirming the Commission's denial of an application to eliminate a station agent upon a finding that the closing would result in undue inconvenience to the public, notwithstanding the fact that the expenses of the station substantially exceeded the revenues for two years in a row. We quoted from *Alabama P.S.C. v. Atlantic Coast Line Railway Co.,* 45 So.2d 449 (Ala., 1950).

> Another statement of the principle is that although the operation of the entire system yields a net profit, the loss resulting from the maintenance of a certain service on a particular branch must be of sufficient importance to outweigh the inconvenience which the public will suffer as a result thereof.

We cannot say the findings of the Commission in this case are not supported by the evidence and, therefore, the judgment of the Circuit Court is affirmed.