JONES TRUCK LINES, INC. et al *v.*
CAMDEN-EL DORADO EXPRESS COMPANY

83-272                                    665 S.W.2d 867

Supreme Court of Arkansas
Opinion delivered March 12, 1984
[Rehearing denied April 9, 1984.]

*Harper, Young, Smith & Maurras,* by: *Don A. Smith; Henry & Duckett,* by: *James M. Duckett;* and *Kay L. Matthews,* for appellants.

*Wood Law Firm,* by: *Craig T. Smith,* for appellee.

P. A. HOLLINGSWORTH, Justice. The appellee filed an

application with the Arkansas Transportation Commission (ATC) for a Certificate of Public Convenience and Necessity to operate as a motor common carrier to transport general commodities. Hearings were held on the application at which appellants: Jones Truck Lines Inc., Southwest Freight Distributors Inc., Superior Forwarding Co., Inc., Woodline Motor Freight Inc., and Sheridan Truck Line Inc., protested the application. The ATC granted the certificate. Appellants appealed the decision to Pulaski Circuit Court where the judge affirmed the decision of the ATC. From that order, appellants bring this appeal claiming that the lower court erred in affirming the ATC decision because the commission's findings of fact were not supported by the evidence and because the ATC failed to follow Arkansas statutes and case law.

In its application, the appellee sought to transport general commodities excluding articles of extraordinary value, class A & B explosives, household goods and commodities in bulk, and commodities requiring special equipment. The proposed territory encompasses Union, Ouachita, and Pulaski Counties with particular emphasis on the Camden-El Dorado area. Since protests were filed by the appellants, a lengthy hearing was held by the ATC. After taking testimony, the Commission found the following in pertinent part:

> In the instant case it would serve little purpose to summarize the testimony of each witness, some of which is conflicting. Supporting witnesses, appearing on behalf of applicant, who in the course of their businesses have various commodities to ship, testified at length relating incidences of damage and delay of shipments. There was also testimony that some carriers are failing to make pickups when called and are promising delivery directly to the business establishment however are requiring the consignee to pick up the shipment at a nearby larger city.

> Applicant admits in its verified statement that the service to Camden and El Dorado is "in most part

adequate," however, it will need that revenue in order to be able to provide "much needed transportation services to outlying areas."

The decision of the Commission was affirmed by the Circuit Court, and the appeal is here under our Rule 29 (1) (d). We reverse.

Ark. Stat. Ann. 73-1741 (Repl. 1979) provides that the commission's findings "shall be in sufficient detail to enable any court in which any action of the commission is involved to determine the controverted questions presented by the proceeding." Here, the failure of the commission's order to detail and discuss the testimony by various witnesses hampers us on review.

We try cases of this type *de novo. Boyd* v. *The Arkansas Motor Freight Lines, Inc.*, 222 Ark. 599, 262 S.W.2d 282 (1953). We review all the evidence and make such findings of fact and law as we deem just, proper and equitable, as in chancery cases. *Arkansas Commerce Commission* v. *St. Louis Southwestern Railway Company*, 247 Ark. 1032, 448 S.W.2d 950 (1970). When the evidence is evenly balanced, the views of the administrative agency must prevail. *Fisher* v. *Branscum*, 243 Ark. 516, 420 S.W.2d 882 (1967). However, we will reverse a finding by the commission if that finding is clearly against the preponderance of the evidence. *Wheeling Pipe Line* v. *Ark. Commerce Commission*, 249 Ark. 685, 460 S.W.2d 784 (1970).

In *Santee* v. *Brady*, 209 Ark. 224, 189 S.W.2d 907 (1945) we discussed the rules applicable to the grant of a certificate and stated:

> The general rule is that a certificate may not be granted where there is existing service in operation over the route applied for, unless the service is inadequate, or additional service would benefit the general public, or unless the existing carrier has been given an opportunity to furnish such additional service as may be required.
>
> . . .

The opportunity to the existing carriers is in the disjunctive sense of "or" rather than the conjunctive "and."

As to the meaning of "public convenience and necessity" we held in *Torrans v. Ark. Commerce Comm'n*, 246 Ark. 930, 440 S.W.2d 558 (1969) that, "Of course, a few individuals or companies might receive some benefit from the granting of a certificate . . . but the benefit that might accrue in these isolated cases is not what is meant by the term *'public convenience and necessity'*."

We recognize that the use of testimony of those people using the service is helpful for the applicant to show additional carrier services are needed. We know of no other way that the need for additional transportation services could be shown. *Wheeling v. Ark. Commerce Commission, supra.* Of course, often this testimony indicates a desire to have carrier service at all times the witness wanted the service just as if they were traveling in their private car. But we have recognized this is not a necessity within the meaning of the law which must be construed in its practical application to service of this kind. *National Trailer Convoy v. Transit Homes*, 254 Ark. 504, 494 S.W.2d 446 (1973).

Here the Commission heard the testimony of fourteen witnesses in support of the permit. Some of the testimony was specific but much of it was general and about complaints that the protesting carriers eventually resolved. Witnesses testified about the need to have a carrier move hazardous materials; the applicant however did not file an application to transport such materials. There was testimony that because there was no service to the Chidester School District, it was necessary to pick up the material in Camden. However, the janitor of the school had made this arrangement, and other carriers were willing to serve the school. Other problems discussed were against one carrier, Jones Truck Lines, missing pickups and delaying deliveries, but the witnesses admitted they had no complaints against other companies and that service had always been reasonably adequate. Other witnesses testified they had no substantial problems with any carriers although they did

not get the type of service they desired. In short, a review of the testimony does not support the findings of the Commission that the additional service would benefit the general public in the Camden-El Dorado area.

We have reversed the Commission's grant of an application when, as here, "the protesting carriers offered a willingness to meet any additional needs that might arise or offered proof of their ability to provide satisfactory services." *National Trailer Convoy* v. *Transit Homes, supra.* A clear preponderance of the evidence was to the effect that the objecting carriers owned ample equipment to haul all commodities over the highways designated in the applicant's petition. Several of the eight witnesses testifying in opposition to the permit stated they would procure any additional equipment not presently owned by them which public necessity might require. *Potashnick Local Truck System, Inc.* v. *Fikes,* 204 Ark. 924, 165 S.W.2d 615 (1942).

The findings of the Commission in this case are clearly against the preponderance of the evidence, therefore, the judgment of the Circuit Court is reversed.

Reversed.