BATESVILLE TRUCK LINES, et al. *v.* ARKANSAS
FREIGHTWAYS, INC.

85-10                                          689 S.W.2d 553

Supreme Court of Arkansas
Opinion delivered May 20, 1985
[Rehearing denied June 24, 1985.*]

---

* George Rose Smith and Hickman, JJ., not participating.

*Harper, Young, Smith & Maurras,* by: *Don A. Smith*; and
*Henry & Duckett,* by: *James M. Duckett,* for appellant.

*Douglas & Douglas,* by: *Troy R. Douglas,* for appellee.

DAVID NEWBERN, Justice. The appellants are ten Arkansas trucking companies which opposed the granting of a certificate of public convenience and necessity to the appellee. The certificate was granted by the Arkansas Transportation Commission which was affirmed by the circuit court. The appeal falls within our jurisdiction as a result of Arkansas Supreme Court and Court of Appeals Rule 29. 1. d.

The appellants contend the evidence does not preponderate in favor of the appellee and that the commission and the court below did not follow applicable case precedent and statutes in affirming the commission. We find the commission and the court to have been correct in finding a preponderance of the evidence to be in favor of the appellee, and we find no reversible lapse in applying the applicable law.

## 1. Preponderance of evidence

Ark. Stat. Ann. § 73-134 (Repl. 1979) provides this court, in appeals of cases originating in the Arkansas Transportation Commission, is not bound by determinations of fact made by the circuit court. We review the evidence de novo or in the same manner as we would review a chancery court case. *Fisher* v. *Branscum Moving and Storage Co.,* 243 Ark. 516, 420 S.W.2d 882 (1967). In a case such as this, the factual question is whether there is a preponderance of evidence supporting a finding that any one of the criteria for granting a certificate in areas already being served by trucking companies was shown to have been satisfied. The criteria are:

(a) That the present service is inadequate; or

(b) That additional service would benefit the general

public; or

(c) That the existing carrier has been given an opportunity to furnish additional service as may be required.

*Santee* v. *Brady*, 209 Ark. 224, 232, 189 S.W.2d 907, 911-912 (1945).

The commission found that existing service on routes proposed to be served by the appellee was inadequate in view of "ample evidence . . . that the existing carriers are either unable or unwilling to serve the needs of the shippers who supported the application." The shippers supporting the application are some twenty-seven businesses around Arkansas. Their representatives testified of the need for direct line service among Arkansas cities and towns without "interlining," which is the practice of transferring intrastate freight from one carrier to another for delivery. There were complaints among the appellee's witnesses of lack of overnight service, other delays, and instances of lack of "less than truckload" service.

The appellee's representative testified his company is already engaged in interstate carriage in eleven states including Arkansas. He testified the company has terminals in fourteen Arkansas cities and was establishing terminals in two other cities and would make daily runs to and from each terminal. Overnight delivery would be accomplished by night runs to the Little Rock (hub) terminal and next day runs to outlying terminals.

The commission concluded that most of the appellants and other truckers were serving limited regions of the state, although some had statewide authority, and the service was generally inadequate because of the practice of interlining due to lack of direct line freight service which would be supplied according to the testimony presented by the appellee.

■ The statements of the appellee's witnesses were presented in written form to the commission, and the witnesses appeared for cross and redirect examination. Of course, cross examination, in some instances, weakened the presentations of witnesses, but our review of the testimony shows overall preponderance supporting the commission's and the circuit court's determination of a need for more intrastate straight line service.

## 2. Statute and case law

■ The appellants contend we should reverse because the commission did not recite sufficiently the testimony of the witnesses on which its decision was based, citing *Jones Truck Lines, Inc.* v. *Camden-El Dorado Express Company*, 282 Ark. 50, 665 S.W.2d 867 (1984), and Ark. Stat. Ann. § 73-1741 (Repl. 1979). The statute requires the commission to make findings sufficiently detailed to show a reviewing court the controverted questions. The *Jones Truck Lines* case said our review was hampered because of the failure of the commission to discuss in detail the various witnesses' testimony.

We have no trouble seeing what the issues were in this case. In the *Jones Truck Lines* case the commission had not summarized the witnesses' testimony. In this case, the commission's order did include a summary. We find the commission's order was clearly adequate to permit review, especially a de novo review.

Perhaps the appellants' strongest citation is *National Trailer Convoy, Inc.* v. *Transit Homes, Inc.*, 254 Ark. 504, 494 S.W.2d 446 (1973), in which we found a lack of public necessity where cross examination revealed a dearth of facts to back up the need declared by proponents of the certificate, and there was a showing by the opponents of their ability and willingness to fill the needs alluded to by the proponents.

Our review in this case did not reveal the kind of weakness found in the testimony in the *National Trailer Convoy* case. Here, as we have said, there was ample evidence to support the commission's finding that there was a public need not being fulfilled by the appellants. There are three possible reasons for the need:

> (1) The appellants have chosen not to provide the services; or
>
> (2) The appellants have not been given the opportunity to fulfill the need; or
>
> (3) The appellants are physically or fiscally unable to provide the needed services.

The appellants, in their brief, after disputing that the need exists, claim that they are operating within the full extent of the

intrastate authority possessed by some of them and further that they were not given the opportunity to service the unfulfilled demands. These positions are inconsistent and in fact support the findings of the commission. If the appellants cannot or will not provide the service, then another carrier offering to do so should be allowed to operate.

■ The claim that the appellants were not offered the opportunity to fill the need cannot be supported. First, as the *Santee* case held, only one of the three criteria need be satisfied for the commission's decision to issue a certificate to be affirmed. Secondly, the record below shows that the commission had previously expanded the operating authority of many of the appellants in order that the appellants could satisfy the same deficiencies the commission has found still extant. Thus it is clear the appellants have been offered the opportunity to remedy the problem but have not done so.

Affirmed.

HICKMAN, J., not participating.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The majority correctly recites the law and precedent. However, I disagree on the conclusions reached from the facts presented to the Commission. As the ATC said, "It would serve no useful purpose to abstract the testimony of each of the witnesses . . ." In my opinion we had the same question presented in *Jones Truck Lines* v. *Camden-El Dorado Express Company*, 282 Ark. 50, 665 S.W.2d 867 (1984) and reached the opposite result. In *Jones* we stated: "Of course, often this testimony indicates a desire to have carrier service at all times the witness wanted the service just as if they were traveling in their private car. But we have recognized this is not a necessity within the meaning of the law which must be construed in its practical application to service of this kind."

It is my opinion that appellee did not establish cause for a certificate of need. It was not shown by competent evidence that the existing carriers' service was inadequate or that the additional service will benefit the general public. The likely result of this new carrier will be that everyone will give prompt service for a while and then various carriers will discontinue the less profitable runs. The final result will be that almost all segments will have less

service than if this CON were denied.

I cannot find any substantial evidence that existing carriers were given an opportunity to improve their services before this certificate was granted. The desire of shippers to use another carrier is not evidence establishing public convenience and necessity. *National Trailer Convoy, Inc.* v. *Transit Homes, Inc.*, 254 Ark. 504, 494 S.W.2d 446 (1973). Finally, it was not established by any facts that present services are unsatisfactory.

I would, as we did in *Jones Truck Lines*, supra, reverse the Circuit Court and the Commission and dismiss the application.