JONES RIGGING AND HEAVY HAULING, INC., and
McConnell Heavy Hauling, Inc. *v.* HOWARD
TRUCKING, INC.

88-284 764 S.W.2d 450

Supreme Court of Arkansas
Opinion delivered February 20, 1989

*Kemp, Duckett, & Hopkins*, for appellant.

*Douglas, Hewett and Shock*, for appellee.

DARRELL HICKMAN, Justice. This is an appeal from a decision of the Arkansas Transportation Commission granting a certificate of public convenience and necessity to the appellee. The circuit court affirmed the order. We affirm because we cannot say the commission's decision is against the preponderance of the evidence.

The appellants are two trucking companies which have the authority to engage in the intrastate transport of metal products. The appellee, Howard Trucking, has been an interstate carrier for some time. Howard first sought authority from the commission to become an intrastate carrier in 1983, but the request was denied. Application was made again in 1986 and, after hearing numerous witnesses testify in support of Howard, the commission found that an additional metal products carrier would benefit the general public because existing service was inadequate.

The appellants make two arguments on appeal but essentially their claim is that the commission's findings are not supported by the evidence and are contrary to the law and our decisions.

While we review these cases *de novo*, we will not disturb the findings of the commission unless they are against the preponderance of the evidence. *Batesville Truck Lines* v. *Ark. Freightways, Inc.*, 286 Ark. 116, 689 S.W.2d 553 (1985). We do not retry these cases or substitute our judgment for that of the commission. *Fisher* v. *Branscum*, 243 Ark. 516, 420 S.W.2d 882 (1967). We will accord due deference to the commission because of its expertise in passing on the fact questions involved and because of its advantage in seeing and hearing the testimony of the witnesses before it. The burden is on the appellants to prove the decision is wrong. When the evidence is evenly balanced, the commission's view must prevail. *Wheeling Pipe Line, Inc.* v. *Ark. Commerce Comm'n.*, 249 Ark. 685, 460 S.W.2d 784 (1970); *Fisher* v. *Branscum, supra.*

It is settled that a certificate may not be granted when there is existing service in operation over the route applied for unless existing service is inadequate, or additional service would

benefit the public, or the existing carrier was given an opportunity to furnish additional service. *Santee* v. *Brady*, 209 Ark. 224, 189 S.W.2d 907 (1945); *Missouri-Pacific Railroad Co.* v. *Williams*, 201 Ark. 895, 148 S.W.2d 644 (1941). That means if the commission finds any one of these factors, it can issue the certificate.

In this case, the commission found that present service was inadequate and that additional service would benefit the public. Evidence was presented to support those findings.

Afco Metals and Afco Steel are major shippers of metal products in Arkansas and are the primary customers of Jones Rigging and Heavy Hauling. Bill Morgan of Afco Steel testified that the appellants' equipment was at times inadequate to meet his needs, and he has had to ask customers to wait a day or two on orders as a result. His company has greatly increased its sales to the bridge construction industry, and he said it was especially important that those customers receive shipments in a timely manner.

Bill Rath of Afco Metals also testified that the appellants could not provide the timely service he requires. When the appellants have been unable to provide service, Rath has used an uncertified carrier. He also testified that McConnell's rates are so high that he puts his company at a competitive disadvantage when he uses them. Finally, he noted that his West Memphis branch was experiencing a large increase in business.

Both men testified they would divert little business away from Jones and McConnell should the application be granted.

Larry Norris of Razorback Steel testified the appellants did not have the particular kind of equipment he needed to ship his product, and he had lost a sale as a result. He said Howard has the necessary equipment.

Jay Dillard of Tex-Ark. Joist testified he had called McConnell several times, but they did not have equipment available. He supported the need for an additional carrier to help him make his shipping commitments.

There is no doubt that some of the testimony presented by Howard was weakened on cross-examination. Most witnesses

indicated they were generally satisfied with the existing carriers, but lack of equipment was causing delays in shipments. But the overall tone of the testimony was that existing carriers could not handle the current level of business, much less the expected increase in business.

Our role is to review the commission's decision, not to substitute our judgment for its. There is ample evidence to support the commission's finding that existing service is inadequate and an additional carrier would benefit the shipping public. Since we cannot say the decision is against the preponderance of the evidence, it stands.

Affirmed.

HOLT, C.J., not participating.