LEE'S TRUCKING, INC., Appellant and
Cross-Appellee *v.* TRANSPORT COMPANY, Inc.
and Jarrell Transport, Inc., Appellees and
Miller Transporters, Inc., Appellee and Cross-Appellant

90-93                                    798 S.W.2d 59

Supreme Court of Arkansas
Opinion delivered October 29, 1990

*Janis A. Richardson,* for appellant.

*Harper, Young, Smith & Maurras*; *Kemp, Duckett, Hopkins & Spradley*; and *Kay L. Matthews,* for appellee and cross-

appellant Miller Transporters, Inc.

DAVID NEWBERN, Justice. Lee's Trucking, Inc., (Lee's) sought a certificate of public convenience and necessity, amounting to an intrastate route approval, to serve transportation needs of the Georgia Pacific Company (GP) and International Paper Company (IP). The application was heard by the Transportation Regulatory Board which has since been abolished. Its functions have been assigned to the Arkansas Highway and Transportation Department (AHTD) and the Arkansas Highway Commission. Lee's application was opposed by Jarrell Transport, Inc., (Jarrell) which had been servicing GP. It was opposed also by Transport Company, Inc., (Transport) which is authorized to transport petro-chemicals but which had not serviced either GP or IP, and by Miller Transporters, Inc., (Miller) which was authorized to service GP and IP. The board granted Lee's requests. The circuit court reversed the decision allowing Lee's to service GP but affirmed the decision to allow Lee's to service IP. Lee's appeals the court's decision with respect to its request to service GP. Miller appeals from the circuit court's affirmance of the board's decision to allow Lee's to service IP. We affirm the circuit court's decision allowing Lee's application with respect to IP, but we reverse the circuit court's decision with respect to Lee's servicing of GP.

### 1. Service for GP

We review these cases *de novo*, and the standard to be applied is whether, (a) present service is inadequate; or (b) additional service would benefit the general public; or (c) that the existing carrier has been given an opportunity to furnish additional service as may be required. *Batesville Truck Line* v. *Arkansas Freightways, Inc.*, 286 Ark. 116, 689 S.W.2d 553 (1985); *Santee* v. *Brady*, 209 Ark. 224, 189 S.W.2d 907 (1945). In the *Batesville Truck Line* case we noted that if any one of these criteria were met, approval of the certificate of public convenience and necessity was warranted.

We have no trouble concluding, contrary to the trial court, that the evidence supports the conclusion that allowing Lee's to service GP would serve the public interest. The preponderance of the evidence is that GP seeks to expand its operation. The

expansion will include an increase in the shipping of the petro-chemicals of the sort handled by Lee's.

A Mr. Riehle, GP's national transportation director, submitted a verified statement for the board's consideration, and he testified at the hearing before the board. While we agree with the trial court's criticism that Mr. Riehle's live testimony contradicted his verified statement in some other respects, nothing rebuts his statements about the expansion of business GP is undertaking and the need for additional transporters as a result. We find that testimony to be adequate and to constitute a preponderance of the evidence on the matter of benefit to the public in that it will facilitate the expansion of an industry and bring substantial economic benefits.

### 2. Service for IP

In the case of IP, the board found that the service offered presently was inadequate. Mr. Laffey, an IP employee testified that IP was having real problems with transportation and had created his job position just to deal with it. He said the IP Pine Bluff plant was often unable to operate at full capacity because it could not obtain needed chemicals due to transport problems.

Miller contradicted Laffey's testimony, but it was the board's job to determine the credibility of the witnesses. *Batesville Truck Line* v. *Arkansas Freightways, Inc., supra. See also Fisher* v. *Branscum Moving and Storage Co.*, 243 Ark. 516, 420 S.W.2d 882 (1967).

Miller also attacks the trial court's and the board's rulings on the ground that the testimony was not "correlated" to the findings. While Ark. Code Ann. § 23-13-306(2) (1987) requires "findings . . . in sufficient detail to enable any court . . . to determine the controverted questions presented by the proceeding," there is no requirement of a "correlation." The findings need only detail and discuss the testimony of the witnesses. *Jones Truck Lines, Inc.* v. *Camden-El Dorado Express Co.*, 282 Ark. 50, 665 S.W.2d 867 (1984).

Miller also contends that some of the testimony before the board was "undocumented" and hearsay. The board was not bound by rules of evidence and procedure which apply in the

courts. *See* Ark. Code Ann. § 23-2-403 (1987); *Transport Co.* v. *Arkansas Transportation Commission,* 255 Ark. 919, 504 S.W.2d 366 (1974).

We agree, on the basis of the criteria cited above, with the court and the board that the preponderance of the evidence supported Lee's application to serve IP.

Affirmed in part and reversed in part.